# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>RICHARD ALLEN SHAFFER,<br><br>  Defendant. | No. CR 13-4077-MWB-1<br><br>**MEMORANDUM OPINION AND ORDER REGARDING APPLICABILITY OF 18 U.S.C. § 3559(c) AND STATEMENT OF REASONS PURSUANT TO 18 U.S.C. § 3553(c)** |

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION ............................................................................. 2*

*II.  ANALYSIS ..................................................................................... 4*

*III. CONCLUSION ............................................................................. 19*

This case presents an issue of first impression, the resolution of which will determine whether Defendant Richard Shaffer (Shaffer) spends the rest of his life in a federal prison. Shaffer recently pleaded guilty to bank robbery, a serious violent felony under federal law. Under 18 U.S.C. § 3559(c)—the federal three strikes law—a defendant convicted of a serious violent felony receives a mandatory life sentence if he "has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of . . . 2 or more serious violent felonies . . . ." 18 U.S.C. § 3559(c)(1)(A)(i). Shaffer has two prior serious-violent-felony convictions: one from a federal district court and another from an Army general court-martial. The question is: Is a court-martial "a court of the United States" under

§ 3559(c)? If it is, Shaffer gets a mandatory life sentence. If it is not, Shaffer's sentencing range under the United States Sentencing Guidelines is 46 to 57 months, and his statutory maximum sentence is 20 years.

Shaffer is before me for final sentencing today. Shaffer has filed a sentencing memorandum in which he argues that § 3559(c) does not apply because Shaffer's court-martial is not a conviction in "a court of the United States." The Government argues it is. After Shaffer's initial, but uncompleted, sentencing hearing, I provided the parties with a tentative opinion in which I tentatively concluded that a court-martial is "a court of the United States" under § 3559(c). The parties were then given the opportunity to file objections to the tentative opinion before I imposed a sentence. Shaffer filed objections, which expound upon his original argument that a court-martial is not "a court of the United States." After considering all of the parties' arguments, I find that an Army general court-martial is "a court of the United States" and, therefore, Shaffer must receive a life sentence per § 3559(c).

## I. INTRODUCTION

On February 10, 2014, Shaffer pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The robbery occurred on October 12, 2012. Shaffer walked into a bank in Sioux City, Iowa, approached a teller, and handed her a note demanding money. The note read: "Be Quiet (GUN) Gimmie the money in the drawer and the replenishment drawer 100, 50, 20 10, 5, Now Be Quiet!" The teller gave Shaffer $3,710 and Shaffer fled with the money. Police arrested Shaffer the next day on an outstanding warrant. Police then searched Shaffer's girlfriend's home, with her consent, where they found the clothes Shaffer had worn during the robbery and the note he handed to the teller.

Ordinarily, Shaffer's bank robbery would carry a statutory maximum sentence of 20 years. 18 U.S.C. § 2113(a). But here, the Government seeks an enhanced sentence of life in prison under 18 U.S.C. § 3559(c), which provides:

> Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if . . . the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of . . . 2 or more serious violent felonies . . . and . . . each serious violent felony . . . used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony . . . .

18 U.S.C. § 3559(c)(1). Shaffer's most recent bank robbery conviction qualifies as a "serious violent felony." 18 U.S.C. § 3559(c)(2)(F)(i). In addition to his most recent offense, Shaffer has two prior felony convictions that the Government relies on in seeking a life sentence. Shaffer has a 1979 conviction in a United States Army General court-martial for unpremeditated murder, for which he was sentenced to 25 years confinement at hard labor and served 18 years. Shaffer also has a 2004 conviction in the United States District Court for the District of Nebraska for six consolidated bank robberies.[1] Both of these prior convictions are for "serious violent felonies." *See* 18 U.S.C. § 3559(c)(2)(F)(i) (classifying murder and bank robbery as serious violent felonies); *id.* § 3559(c)(2)(F)(ii) (alternatively, defining serious violent felonies to

---

[1] Because Shaffer was sentenced for all six convictions at the same time, those six convictions did not become final on "separate prior occasions" and, thus, count as only one predicate felony under 18 U.S.C. § 3559(c)(1). The six different bank robberies occurred in the District of Nebraska, the Southern District of Iowa, the Central District of Illinois, the District of New Mexico, the District of Arizona, and the Northern District of Texas.

include any "offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use . . . of physical force against the person of another," which would include Shaffer's murder offense).

Shaffer does not dispute any of this. Rather, he argues that his court-martial conviction was not a conviction "in a court of the United States or of a State" and, therefore, it cannot serve as a predicate offense under § 3559(c). The Government argues that a court-marital is "a court of the United States." If it is, § 3559(c) applies and Shaffer gets a life sentence. If it is not, § 3559(c) does not apply and Shaffer is instead subject to a 20-year statutory maximum sentence and a Guidelines range of 46 to 57 months.

## II. ANALYSIS

Section 3559 does not define "a court of the United States." Thus, I look to familiar rules of statutory interpretation to determine whether the phrase includes courts-martial. In interpreting § 3559(c), I give the statute's "words their ordinary, contemporary, common meaning . . . ." *Hennepin Cnty. v. Fed. Nat. Mortgage Ass'n*, 742 F.3d 818, 821 (8th Cir. 2014) (quoting *United States v. Friedrich*, 402 F.3d 842, 845 (8th Cir. 2005)) (internal quotation marks omitted). I must "interpret the relevant words not in a vacuum, but with reference to the statutory context, structure, history, and purpose." *Abramski v. United States*, 134 S. Ct. 2259, 2267 (2014) (quoting *Maracich v. Spears*, 133 S. Ct. 2191, 2209 (2013)) (internal quotation marks omitted). "A [phrase] in a statute may or may not extend to the outer limits of its definitional possibilities." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006). Determining a phrase's limits "depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Id*. A statute's text itself may be evidence of the statute's purpose. *See,*

4

*e.g.*, *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) (noting that the Federal Arbitration Act's purpose "is readily apparent from [its] text"). If, after reading a statute in its proper context, that statute is unambiguous, then the "judicial inquiry is complete." *United States v. Smith*, No. 13-2728, 2014 WL 2898464, at *2 (8th Cir. June 27, 2014) (citations omitted).

Based on these standards, I conclude that the phrase "a court of the United States," as used in § 3559(c), includes United States military courts-martial. A court-martial is certainly a "court." *See Anderson v. Crawford*, 265 F. 504, 506 (8th Cir. 1920) ("A court-martial is a court of limited jurisdiction." (quoting *Deming v. McClaughry*, 113 F. 639, 650 (8th Cir. 1902)). Courts-martial are also naturally courts "of the United States" given their role in our federal constitutional and statutory scheme. Courts-martial are courts created by Congress and authorized by Article I, Section 8 of the United States Constitution, which grants Congress the power "[t]o make Rules for the Government and Regulation of the land and naval Forces." *O'Callahan v. Parker*, 395 U.S. 258, 261-62 (1969), *overruled on other grounds by Solorio v. United States*, 483 U.S. 435 (1987); *see also U.S. ex rel. Toth v. Quarles*, 350 U.S. 11, 14 (1955) ("Article I . . . authorizes Congress to subject persons actually in the armed service to trial by court-martial for military and naval offenses." (footnote omitted)). Courts-martial are largely governed by federal statute: the Uniform Code of Military Justice (UCMJ). 10 U.S.C. §§ 801-946. The UCMJ classifies courts-martial, regulates their composition, and defines their jurisdiction. *Id.* §§ 816-829. Specifically, "general courts-martial have jurisdiction to try persons subject to [the UCMJ] for any offense made punishable by [the UCMJ] and may, under such limitations as the President may prescribe, adjudge any punishment not forbidden by [the UCMJ] . . . ." *Id.* § 818(a). Decisions by courts-martial can be appealed to the Court of Criminal Appeals, *id.* § 866, and later to the Court of Appeals for the Armed

Forces (CAAF) (formerly the Court of Military Appeals). *Id*. § 867. In many cases, the United States Supreme Court has jurisdiction to review cases decided by the CAAF. 28 U.S.C. § 1259.

Given that courts-martial are creatures of federal constitutional and statutory law, and that their cases can ultimately be reviewed by the Supreme Court, Shaffer's claim that a court-martial is not "a court of the United States" raises the question: If a court-martial is not "a court of the United States," then what *is* it a court of? Shaffer offers no answer. A court-martial is certainly not a court of a State or municipality. Nor is it a court of a foreign country or international body. It seems that a United States military court-martial could *only* be "a court of the United States." *Cf. Gagnon v. United States*, 42 C.M.R. 1035, 1041-42 (C.M.A. 1970) (Gray, S.J., concurring in part and dissenting in part) ("That a general court-martial, at least while in session, is a court of the United States is hardly open to question."), *on reh'g*, 43 C.M.R. 933 (A.F.C.M.R. 1971), *rev'd*, 44 C.M.R. 212 (C.M.A. 1972).

Moreover, treating a court-martial as "a court of the United States" is consistent with § 3559(c)'s purpose. That purpose—evident in § 3559(c)'s text—is to enhance the sentences of defendants who have committed three "serious violent felonies." The statute broadly defines "serious violent felonies" to include:

> (i) a Federal or State offense, *by whatever designation and wherever committed*, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244 (a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession

> (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses; and
>
> (ii) *any other offense* punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense[.]

18 U.S.C. § 3559(c)(2)(F) (emphasis added). The definition's expansive language, emphasized above, allows a wide range of crimes to qualify as "serious violent felonies." *See United States v. Wicks*, 132 F.3d 383, 387 (7th Cir. 1997) ("Both the language of [§ 3559] and its legislative history support the proposition that it reaches a broad range of both state and federal crimes.").

Specifically, § 3559(c)'s definition of "serious violent felony" covers Shaffer's court-marital conviction for murder. First, Shaffer's court-martial conviction was for "a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111) . . . ." 18 U.S.C. § 3559(c)(2)(F)(i). Shaffer's crime—unpremeditated murder—is a federal offense under Article 118 of the UCMJ. 10 U.S.C. § 918. It also comports with 18 U.S.C. § 1111(a)'s definition of murder: "the unlawful killing of a human being with malice aforethought." *See also United States v. Pearson*, 159 F.3d 480, 486 (10th Cir. 1998) (noting that, under § 1111, "murder's malice aforethought element [can be] satisfied by . . . intent-to-kill without the added ingredients of premeditation and deliberation"). Second, and alternatively, Shaffer's court-martial conviction was for "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use . . . of physical force against the person of another . . . ." 18 U.S.C. § 3559(c)(2)(F)(ii). Given that § 3559(c)'s purpose is to enhance a defendant's sentence

7

based on his or her prior "serious violent felonies," and that the definition of "serious violent felonies" is broad enough to include certain court-martial convictions, it would be inconsistent with § 3559(c)'s purpose to interpret "a court of the United States" to exclude courts-martial. Because I must interpret statutes in light of their context and purpose, *Abramski*, 134 S. Ct. at 2267, I reject such a narrow interpretation of the phrase "a court of the United States."

To support his claim that a court-martial is not "a court of the United States," Shaffer relies heavily on the differences between military and civilian courts. Shaffer cites *Parker v. Levy*, 417 U.S. 733, 744 (1974), in which the United States Supreme Court noted that, "[j]ust as military society has been a society apart from civilian society, so '(m)ilitary law . . . is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment.'" (quoting *Burns v. Wilson*, 346 U.S. 137, 140 (1953)). The Court in *Parker* also recognized that "[t]he differences . . . between the military community and the civilian community, and . . . between military law and civilian law, continue in the present day under the [UCMJ]" and that the UCMJ "cannot be equated to a civilian criminal code." *Id*. at 479. In addition to *Parker*, Shaffer points out that courts-martial are not Article III courts.[2]

---

[2] Two military cases make similar points to those Shaffer raises here. The first is *United States v. Mills*, 11 App. D.C. 500 (D.C. Cir. 1897), a 117-year-old case from the Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia Circuit). The issue in *Mills* was whether the Police Court of the District of Columbia was "any court of the United States" for the purposes of a then-existing federal statute. The court in *Mills* held that it was not, reasoning as follows:

> The Police Court of the District of Columbia . . . although a court of the United States, is not a court of the United States

(Footnote continued . . .

> in the sense of the Federal Constitution, and there is no reason for giving to the same expression in a statute a broader meaning than is given to it in the Constitution. In fact, when there is mention of the courts of the United States in any statute, we may conclusively assume that only the courts of general jurisdiction intended by the Constitution are meant, unless there is special reason to be deduced from the context of the statute for giving to the expression a different meaning.

*Id.* at 507. The court in *Mills*, however, did not cite any authority for its assumption that "only the courts of general jurisdiction" are included in statutory references to "the courts of the United States." In fact, the *Mills* court simply asserted that "it requires no elaboration of argument or citation of authorities to show that when there is mention, either in the Constitution or in the statute law, of the courts of the United States, the courts thereby meant are those of general jurisdiction . . . ." *Id.* at 506-07. (*Mills* also incorrectly describes certain federal courts as "courts of general jurisdiction." All federal courts are, in fact, courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction.")). In light of the more modern rules of statutory interpretation and case law cited in this opinion, I decline to apply *Mills*'s rationale here.

The second case is *United States v. Long*, 6 C.M.R. 60 (C.M.A. 1952). One of the issues in *Long* was whether a summary court-martial was "any court of the United States" for the purposes of a statute that provided:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in *any court of the United States* . . . or injures any party or witness in his person or property on account of his attending or having attended such court . . . or on account of his testifying or having testified to any matter pending therein, . . . or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due

(Footnote continued . . .

But these differences, while true, do not resolve the question here. Shaffer's argument establishes only the obvious—that courts-martial and Article III federal courts largely apply different law and are established under different articles of the

---

> administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

*Id.* at 64 (emphasis added). The majority opinion did not attempt to resolve the issue. But a concurring opinion reasoned that a summary court-martial was not "any court of the United States," applying logic similar to Shaffer's:

> The authorities appear settled in the view that courts-martial and military commissions are not "courts" in the sense in which that term is customarily used. *Ex parte Vallandigham*, 1 Wall 243, 68 US 243, 17 L ed 589; *Kurtz v. Moffitt*, 115 US 487, 500, 29 L ed 458, 6 S Ct 148; *In re Vidal*, 179 US 126, 127, 45 L ed 118, 21 S Ct 48; *Ex parte Richard Quirin*, 317 US 1, 39, 87 L ed 3, 63 S Ct 2; *Reilly v. Pescor*, 156 F2d 632, 635 (CA8th Cir). Further indicative of this conclusion is the fact that in section 2 of the Administrative Procedure Act, 60 Stat 237, *as amended*, 5 USC § 1001 (a), "courts" and "courts martial and military commissions" are separately exempted from that Act's operation.
>
> The provisions of [the statute at issue] were intended to protect witnesses in the courts comprising the Federal judiciary. *Catrino v. United States*, 176 F 2d 884 (CA9th Cir); *Broadbent v. United States*, 149 F2d 580 (CA10th Cir); *Samples v. United States*, 121 F 2d 263 (CA5th Cir), *cert den* 314 US 662. Courts-martial, not being a part of this system, are not within the scope of that statute's operation, and witnesses before courts-martial are not afforded its protection.

*Id.* at 72 (Brosman, J., concurring). For the reasons stated later in this opinion, I do not find the *Long* concurrence's logic to be persuasive, at least as applied to § 3559(c).

Constitution. That a court-martial and an Article III court are different, however, does not establish that a court-martial is not "a court of the United States." To reach that conclusion, I would have to apply circular logic. I would have to assume, as a major premise, the very conclusion Shaffer wishes me to draw: that "a court of the United States" refers only to Article III or civilian courts. Because such reasoning would be fallacious, Shaffer's argument regarding the uniqueness of military courts is unavailing.[3]

Moreover, the Sixth Circuit Court of Appeals rejected an argument similar to Shaffer's in *United States v. Lee*, 428 F.2d 917 (6th Cir. 1970). The defendant in *Lee* was convicted under a federal statute that provided:

> It shall be unlawful for any person who is under indictment or who has been convicted of a crime punishable by imprisonment for a term exceeding one year or who is a fugitive from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition.[4]

---

[3] In his objections to my tentative opinion, Shaffer also argues that treating a court-martial as "a court of the United States" would "collapse the distance" between Article I and Article III courts and "unnecessarily invite[] constitutional issues" (docket no. 61, at 4). There are two problems with this argument. First, treating a court-martial as "a court of the United States" does not "collapse the distance" between different types of courts. I recognize the practical differences between courts-martial and Article III courts. But, as I noted above, those differences cannot be dispositive of the issue here unless I use circular logic. Second, Shaffer does not suggest what "constitutional issues" might arise from treating his court-martial conviction as a predicate felony under § 3559(c). Without any indication that a particular constitutional issue might arise, I have no reason to deviate from what § 3559(c)'s text and context suggest—that a court-martial is "a court of the United States" under the federal three strikes law.

[4] When the defendant in *Lee* was convicted, this statute was codified at 15 U.S.C. § 902(e). *See Lee*, 428 F.2d at 919. That statute has since been repealed, but the same

(Footnote continued . . .

*Id.* at 919-20. The defendant's conviction rested, in part, on his prior conviction in an Air Force court-martial for rape. *Id.* at 918. Like Shaffer, the defendant in *Lee* argued that the federal statute did not apply to him because "a court martial is not a part of the judicial branch of the Federal Government and, therefore, judgments rendered by military tribunals are not within the contemplation of the statute." *Id.* at 920. The court rejected the defendant's argument, reasoning as follows:

> The language of the statute is not limited to judgments rendered by Article III courts. Courts martial are authorized under Article I of the Constitution. *Osborn v. United States*, 322 F.2d 835, 838-839 (5th Cir. 1963); *cf. United States ex rel. Thompson v. Price*, 258 F.2d 918, 922 (3rd Cir. 1958), *cert. denied*, 358 U.S. 922, 79 S.Ct. 295, 3 L.Ed.2d 241.
>
> In cases in which courts martial have jurisdiction, their judgments are to 'be accorded the finality and conclusiveness as to the issues involved which attend the judgments of a civil court in a case of which it may legally take cognizance.' *Grafton v. United States*, 206 U.S. 333, 345, 27 S.Ct. 749, 51 L.Ed. 1084 (1907).
>
> Jurisdiction of the military court is not challenged in this case. The finding of the court martial that Lee had committed a crime, and the judgment of sentence in excess of one year, are entitled to the conclusiveness of a judgment of an Article III court.

*Id.* Like the statute at issue in *Lee*, § 3559(c)'s language does not limit its applicability to Article III or civilian courts. Thus, because court-martial convictions are no less conclusive than those in Article III courts, the differences between the two court types alone cannot prevent Shaffer's court-martial conviction from qualifying as a predicate felony under § 3559(c).

---

crime is punishable today under 18 U.S.C. § 922(g). *Id.* at 918 n.1.

More recent cases interpreting the Armed Career Criminal Act (ACCA) are also instructive here. The ACCA provides enhanced penalties for defendants who are convicted under 18 U.S.C. § 922(g) and who have "three previous convictions by *any court* referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1) (emphasis added). Section 922(g)(1) provides:

> It shall be unlawful for any person . . . who has been convicted in *any court* of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (emphasis added). Three federal appeals courts have addressed the question: Does the term "any court" in §§ 924 and 922 include a court-martial? All three have concluded, "yes." *United States v. Grant*, 753 F.3d 480, 485 (4th Cir. 2014); *United States v. Martinez*, 122 F.3d 421, 424 (7th Cir. 1997); *United States v. MacDonald*, 992 F.2d 967, 970 (9th Cir. 1993); *see also United States v. Noble*, 613 F. Supp. 1224, 1226 (D. Mont. 1985) (treating courts-martial as "court[s] of the United States" under a firearm possession/transportation statute because there was "no indication that Congress intended to limit qualifying felony convictions under . . . the statute to judgments rendered by Article III Courts.").

In *United States v. Grant*, 753 F.3d 480, 482 (4th Cir. 2014), a defendant argued that "his court-martial convictions [did] not constitute predicate convictions for enhancements under the ACCA because a general court-martial [did] not constitute 'any court.'" The defendant in *Grant* relied on *Small v. United States*, 544 U.S. 385, 394 (2005), in which the United States Supreme Court held that § 922(g)'s term "any court" presumptively referred only to domestic courts (as opposed to foreign courts).

13

In holding that "any court" meant any *domestic* court, the Supreme Court relied, in part, on the differences between foreign and domestic convictions. *See id.* at 389 (noting that "foreign convictions differ from domestic convictions in important ways" and that "[p]ast foreign convictions . . . may include a conviction for conduct that domestic laws would permit"). The defendant in *Grant* tried to apply the same reasoning to his predicate court-martial conviction, arguing that "just as there are differences between foreign and domestic courts . . . there are also differences between general courts-martial and civilian courts that warrant not classifying individuals as armed career criminals due to their military convictions." *Grant*, 753 F.3d at 483. But the Fourth Circuit Court of Appeals rejected the defendant's argument that a court-martial was not "any court." *Id.* at 485. The court noted that, although the defendant "correctly identifies several dissimilarities between courts-martial and civilian courts, these differences do not rise to the level of the contrasts between domestic and foreign courts that *Small* highlighted." *Id.* The court also found that "[i]ncluding court-martial convictions for violent felonies in the armed career criminal tabulation furthers Congress's objective of identifying and deterring career offenders." *Id.* As I discussed above, the same is true here.

The Seventh Circuit Court of Appeals addressed a similar argument in *United States v. Martinez*, 122 F.3d 421 (7th Cir. 1997). The defendant in *Martinez* argued "that a military court is not a 'court' within the meaning of the [ACCA] . . . ." *Id.* at 424. The court in *Martinez* disagreed:

> Looking to section 922(g)(1), we find nothing that defines or limits the term "court," only a requirement that a conviction have been "in any court" in the course of prohibiting possession of firearms by a felon. Certainly "any court" includes a military court, the adjective "any" expanding the term "court" to include "one or some indiscriminately of whatever kind"; "one that is selected without restriction or

limitation of choice"; or "all." Webster's Third New International Dictionary, 1991.

*Id.* The court also relied on *Lee*'s reasoning that "[t]he language of [§ 922(g)] is not limited to judgments rendered by Article III courts." *Id.* (quoting *Lee*, 428 F.2d at 920). The court thus held that the defendant's conviction by a general court-martial, under the UCMJ, was a conviction by "any court." *Id.*

Finally, in *United States v. MacDonald*, 992 F.2d 967, 969 (9th Cir. 1993), the Ninth Circuit Court of Appeals rejected the very argument Shaffer makes here—that a court-martial is too different from a civilian court to be covered by the term "any court":

> [The defendant] has been unable, as have we, to find authority for the proposition that military offenses without civilian equivalents are not crimes for purposes of § 922(g)(1). He correctly cites *Parker v. Levy*, 417 U.S. 733, 749-50, 94 S. Ct. 2547, 2558-59, 41 L. Ed. 2d 439 (1974) and *Middendorf v. Henry*, 425 U.S. 25, 38, 96 S. Ct. 1281, 1289, 47 L. Ed. 2d 556 (1976) for the proposition that the Uniform Code of Military Justice cannot be equated to a civilian criminal code. These cases also stand for the fact that the Uniform Code of Military Justice regulates a far broader range of conduct than a typical state criminal code. But he has not found authority for the proposition that conduct so criminalized is not a "crime" for purposes of the felon in possession statute. We can find no authority squarely on point either way. To the extent that any authority is analogous or suggestive, it holds that general courts-martial are courts, *see United States v. Lee*, 428 F.2d 917 (6th Cir. 1970), *cert. denied*, 404 U.S. 1017, 92 S. Ct. 679, 30 L. Ed. 2d 665 (1972); *United States v. Noble*, 613 F. Supp. 1224 (D. Mont. 1985) . . . .

Like the court in *Martinez*, the court in *MacDonald* also found that treating court-martial convictions as convictions in "any court" under § 922(g) was "consistent with the statutory purpose, 'to keep guns out of the hands of presumptively risky people.'"

15

*Id.* at 970 (quoting *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 112 n.6 (1983)). Thus, the court in *MacDonald* held "that a general court-martial is a 'court' within the meaning of 18 U.S.C. § 922(g)(1) . . . ." *Id.*

Like the courts in *Grant*, *Martinez*, and *MacDonald*,[5] I find that the differences between our military and civilian justice systems do not suggest that Congress meant to exclude predicate courts-martial convictions from § 3559(c)'s ambit, especially given the statute's expansive wording and underlying purpose. To the contrary, these cases confirm what I concluded above: A court-martial is naturally "a court of the United States" for the purposes of § 3559(c).

---

[5] Although *Grant*, *Martinez*, and *MacDonald* all reach the same conclusion—that the term "any court" includes courts-martial for the purposes of the ACCA—the court in *Grant* opined that "*Small* diminishes the degree to which we can turn to *Martinez* and *MacDonald* for guidance . . . ." *Grant*, 753 F.3d at 484. According to the court in *Grant*, the court in *Martinez* "concluded that the adjective 'any' expand[ed] the term 'court' to encompass all courts, including courts-martial . . . [but] *Small* now forecloses this line of reasoning because, in that case, the Supreme Court viewed 'any' as an ambiguous term." *Id.* The court in *Grant* also noted that the court in *MacDonald* "based its decision on cases, which *Small* overruled, holding that foreign convictions can support felon-in-possession charges." *Id.*

I disagree with the *Grant* court's opinion that *Small* "diminished" the reliability of *Martinez* and *MacDonald*. First, *Small* did not "foreclose" *Martinez*'s reasoning that the word "any" expands the word "court" to include courts-martial. Contrary to the *Grant* court's assertion, *Small* did not hold that the term "any court" is ambiguous as between all possible interpretations of that term. *Small* only held that the word "any" did not itself resolve whether the term "any court" referred to domestic and foreign courts, or only to domestic courts. *Small*, 544 U.S. at 388. *Small* did not hold that the term "any court" was ambiguous as to whether it included different types of domestic courts, like courts-martial. Second, to the extent that *MacDonald* relied, in part, on cases that *Small* overruled, I do not rely on those cases or those portions of *MacDonald* here.

Shaffer suggests that these ACCA cases are inapplicable here because the ACCA uses the term "any court," which is broader than the term "a court of the United States" under § 3559. While the terms used in the ACCA and § 3559 are slightly different, the ACCA cases cited above remain relevant here for two reasons. First, the ACCA cases reject the underlying premise that Shaffer relies on in this case: that the differences between courts-martial and Article III courts preclude court-martial convictions from enhancing a defendant's sentence in an Article III court. Second, it is not clear why the difference between "any court" and "a court of the United States" is meaningful in this case as both terms appear broad enough to encompass courts-martial.

Shaffer also cites *United States v. Stuckey*, 220 F.3d 976 (8th Cir. 2000) in response to the ACCA cases. In *Stuckey*, the Eighth Circuit Court of Appeals held that a defendant's prior court-martial drug convictions were not "serious drug offenses" under the ACCA. *Id.* at 984. But the court in *Stuckey* did *not* hold, or even suggest, that a court-martial is not "any court" under the ACCA. To the contrary, the court implicitly recognized what *Grant*, *Martinez*, and *MacDonald* expressly held—that a military court-martial conviction *is* a conviction in "any court":

> [F]or a conviction to count as a predicate offense under [the ACCA], it must be both a conviction by "any court" referred to therein and either a "serious drug offense" . . . or a "violent felony" . . . . Thus, the mere fact that we are dealing with military drug convictions in this case only gets the government half-way home; we must still determine whether or not the convictions are "serious drug offenses" . . . .

*Id.* Shaffer's reliance on *Stuckey* is, therefore, misplaced.

In addition to noting the differences between military and civilian courts, Shaffer makes a few arguments based on the language in various statutes. For instance, Shaffer argues that "18 U.S.C. § 3559(c) could have referred specifically to prior convictions

17

in military courts as well as convictions in state court, but Congress did not choose to include convictions in military courts" (docket no. 47, at 6-7). This argument fails for the same reason discussed earlier; it begs the question by presuming that the phrase "a court of the United States" does not include military courts. One could just as easily argue that Congress did not refer specifically to military courts in § 3559(c) because it considered military courts to be "court[s] of the United States," thus making a separate reference to military courts unnecessary.

Shaffer also argues that other federal statutes treat courts-martial and "court[s] of the United States" as separate entities. But none of the statutes Shaffer cites bears on what "a court of the United States" means under § 3559(c). A court-martial and a "court of the United States" may be distinguishable for the purposes of certain statutes, but not for the purposes of others. That determination has to be made based on the language and context of each particular statute. For all the reasons discussed above, specific to § 3559(c), I conclude that a court-martial conviction is a conviction in "a court of the United States" under § 3559(c).

Finally, I note that the rule of lenity does not apply here. "[T]he rule of lenity applies only if, after using the usual tools of statutory construction, we are left with a 'grievous ambiguity or uncertainty in the statute.'" *Robers v. United States*, 134 S. Ct. 1854, 1859 (2014) (quoting *Muscarello v. United States*, 524 U.S. 125, 139 (1998) (internal quotation marks omitted)). After applying "the usual tools of statutory construction" above, I find no ambiguity or uncertainty in the scope of § 3559(c), let alone a "grievous" ambiguity or uncertainty. "Although [a] clause might have been more meticulously drafted, the 'grammatical possibility' of a defendant's interpretation does not command a resort to the rule of lenity if the interpretation proffered by the defendant reflects 'an implausible reading of the congressional purpose.'" *Abbott v. United States*, 131 S. Ct. 18, 31 n.9 (2010) (quoting *Caron v. United States*, 524 U.S.

308, 316 (1998)). Because Shaffer's proffered interpretation is implausible, the rule of lenity is inapplicable.

### III.  CONCLUSION

For the reasons discussed above, Shaffer's conviction in an Army court-martial is a conviction in "a court of the United States." Thus, Shaffer receives a mandatory life sentence under 18 U.S.C. § 3559(c).

**IT IS SO ORDERED**.

**DATED** this 5th day of September, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA